Filed 12/24/14  P. v. Hightower CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>    v.<br><br>DUSK JEFFERSON HIGHTOWER,<br><br>      Defendant and Appellant. | C076680<br><br>(Super. Ct. No. CRF140000132) |

Appointed counsel for defendant Dusk Jefferson Hightower asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

I

On March 10, 2014, defendant struck Richard S. on the left side of his face with a softball sized rock. As a result of the attack, Richard S. sustained $8,159.54 in damages, including $7,879 in medical expenses and $280 in damages to a watch and leather jacket.

Defendant pleaded no contest to assault by means of force likely to produce great bodily injury. (Pen. Code, § 245, subd. (a)(4).) The trial court placed defendant on probation for four years with various terms and conditions, including payment of $8,159.54 in victim restitution. Defendant did not obtain a certificate of probable cause.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. Defendant filed a supplemental brief (A) asserting that his sentence is inconsistent with the plea agreement, and (B) challenging the restitution award.

A

Defendant claims he was to be sentenced to three years of probation plus an additional year if he violated the terms of his *Cruz*[1] waiver. He says the trial court found defendant did not violate his *Cruz* waiver but nonetheless placed him on four years of probation. Defendant misreads the plea agreement.

The written plea agreement signed and initialed by defendant stated he could receive from three to five years of probation. The agreement added that if defendant complied with the terms of his *Cruz* waiver, his plea to criminal threats in another case and his admission of an on-bail enhancement would be withdrawn, those counts would

---

[1] *People v. Cruz* (1988) 44 Cal.3d 1247 (*Cruz*).

be dismissed, and defendant would be granted probation.  But the agreement explained that if defendant did not comply with the terms of the *Cruz* waiver, the " 'lid' of no immediate state prison" would be lifted and defendant could be sentenced to six years eight months in prison.

The sentence imposed by the trial court was consistent with the plea agreement, and defendant's contention lacks merit.

B

Defendant also challenges the restitution award.  He claims his trial counsel did not inform him that he could contest the restitution award, but he does contest it. Defendant adds that the victim did not produce any "hard evidence" of damages. In addition, defendant's trial counsel said he would "work on" obtaining medical records but never produced anything.

Defendant's contentions are not supported by the record.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


                                        MAURO           , J.


We concur:


                HULL            , Acting P. J.


                ROBIE           , J.

3